# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1528V
UNPUBLISHED

| | |
|---|---|
| JANE BARCOMB,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: November 12, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 2, 2019, Jane Barcomb filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on January 15, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 30, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRA. On November 10, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $140,000.00 in pain and suffering and $4,727.40 to satisfy the State of Vermont Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

A. **A lump sum payment of $140,000.00 in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $4,727.40, representing compensation for satisfaction of the State of Vermont Medicaid lien, in the form of a check payable jointly to Petitioner[3] and:**
   Department of Vermont Health Access
   Gainwell Technologies
   P.O. Box 1645
   Williston, VT 05495

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to the Department of Vermont Health Access.
[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANE BARCOMB, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1528V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 2, 2019, Jane Barcomb ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"). *See* 42 U.S.C. §§ 300aa-1 *et seq*. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine intramuscularly administered in her left shoulder on January 15, 2018. *See* Petition at 1. On March 30, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 30, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 34; ECF No. 37.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $140,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Vermont Medicaid lien in the amount of $4,727.40, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Vermont may have against any individual as a result of any Medicaid payment the State of Vermont has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about January 15, 2018, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

A. A lump sum payment of **$140,000.00**, in the form of a check payable to petitioner; and

B. A lump sum payment of **$4,727.40**, representing compensation for satisfaction of the State of Vermont Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Vermont Health Access
> Gainwell Technologies
> P.O. Box 1645
> Williston, VT 05495

Petitioner agrees to endorse this payment to the Department of Vermont Health Access.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

**III.    Summary of Recommended Payments Following Judgment**

        A.  Lump sum payable to petitioner, Jane Barcomb:    **$140,000.00**

        B.  Medicaid lien:    **$4,727.40**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Ronalda E. Kosh
RONALDA E. KOSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4476
Email: ronalda.kosh@usdoj.gov

DATED: November 10, 2021